UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERICO THOMPSON,

        Petitioner,

                              CASE NO. 05-CV-71882-DT
v.                           HONORABLE ARTHUR J. TARNOW

RAYMOND D. BOOKER,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION
## FOR APPOINTMENT OF COUNSEL

      Before the Court is Petitioner's motion for appointment of counsel. In support of his request, Petitioner alleges that he is unable to afford counsel, that he is unlearned in the law, and that his habeas case is complex. Respondent has not yet filed an answer to the habeas petition.

      Petitioner has no absolute right to be represented by counsel on federal habeas corpus review. *Abdur-Rahman v. Michigan Dept. of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995); *see also Wright v. West*, 505 U.S. 277, 293 (1992) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). "'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.'" *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting *United States v. Madden*, 352

1

F.2d 792, 793 (9th Cir. 1965)).  Petitioner has submitted his petition and pleadings in support of his claims.  Neither an evidentiary hearing nor discovery are necessary at this time, and the interests of justice do not require appointment of counsel.  *See* 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c).

Accordingly, the Court **DENIES WITHOUT PREJUDICE** Petitioner's motion for appointment of counsel.  The Court will reconsider Petitioner's request if, following receipt of the responsive pleading and Rule 5 materials, the Court determines that appointment of counsel is necessary.  Petitioner need not file an additional motion concerning this issue.


s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  July 8, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 8, 2005, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Case Manager