UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERICO THOMPSON,

          Petitioner,

v.

          CASE NO. 05-CV-71882-DT
          HONORABLE ARTHUR J. TARNOW

RAYMOND BOOKER,

          Respondent.
_____/

## ORDER DENYING A CERTIFICATE OF APPEALABILITY AND DENYING LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS

Petitioner has filed a notice of appeal, a motion for a certificate of appealability, and a motion to proceed on appeal *in forma pauperis* concerning the Court's denial of his federal habeas petition. The Court denied Petitioner's habeas claims on their merits.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

1

Petitioner first asserts that he is entitled to habeas relief because the prosecution presented insufficient evidence to support his convictions. The record, however, reveals that the prosecution presented sufficient evidence that Petitioner participated in the armed robbery of Antonio Cox with Anthony Vincent Bradley under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In particular, the evidence of Petitioner's relationship with Bradley, Bradley's statements to Quiana McKay, Petitioner's admissions to Anthony Carr and Ernest Ford, the marijuana found near the scene and in the car, the repainting of the car, the fact that a watch thought to be Petitioner's was found at the scene, and Petitioner's attempts to hide the fact that his girlfriend bought him a watch provided sufficient direct and circumstantial evidence to establish Petitioner's guilt of armed robbery. Petitioner relatedly asserts that the verdict was against the great weight of the evidence. This fails to state a claim for habeas relief. *See Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985); *Crenshaw v. Renico*, 261 F. Supp. 2d 826, 834 (E.D. Mich. 2003). The Court thus concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to these issues. A certificate of appealability is not warranted on these claims.

Petitioner also asserts that he is entitled to relief because the prosecution presented perjured testimony by Ernest Ford. Petitioner, however, has failed to allege facts which demonstrate that Ford's testimony was false or that the prosecution knowingly presented false testimony. *See Coe v. Bell,* 161 F.3d 320, 343 (6th Cir. 1998). Petitioner has not made a substantial showing of the denial of a constitutional right as to this issue. A certificate of appealability is not warranted on this claim.

Petitioner next asserts that he is entitled to habeas relief because his confrontation rights

were violated by the admission of Quiana McKay's statements to police. Such is not the case, however, because McKay testified at trial and was subject to cross-examination. *See Nelson v. O'Neil*, 402 U.S. 622, 626-27, 629-30 (1971); *California v. Green*, 399 U.S. 149, 161 (1970). Petitioner relatedly asserts that his confrontation rights were violated by the admission of co-defendant Bradley's statements to McKay which implicated Petitioner in the crime. Those non-testimonial statements, however, were sufficiently reliable under *Ohio v. Roberts*, 448 U.S. 56, 66 (1980). Bradley's statement was non-testimonial in nature, was made to his live-in girlfriend at home, was self-inculpatory, was voluntary (though prompted by her asking how he had been shot), was stated in a narrative form, and was made shortly after the crime. *See Jackson v. Renico*, 179 Fed. Appx. 249, 254-55 (6th Cir. 2006). Petitioner has failed to make a substantial showing of the denial of a constitutional right as to these issues. A certificate of appealability is not warranted on these claims.

Petitioner also asserts that he is entitled to habeas relief because the admission of such statements violated the Michigan Rules of Evidence. However, alleged trial court errors in the application of state evidentiary law are generally not cognizable as grounds for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Petitioner has not shown that the admission of the disputed testimony rendered his trial fundamentally unfair. He has thus failed to make a substantial showing of the denial of a constitutional right. A certificate of appealability is not warranted on this claim.

Petitioner next asserts that he is entitled to habeas relief due to prosecutorial misconduct, particularly vouching for the credibility of witnesses. The record, however, indicates that most of the prosecutor's comments were based upon the evidence and reasonable inferences drawn from that evidence, or were made in response to defense arguments. Such comments were not

improper. *See Portuondo v. Agard*, 529 U.S. 61, 69 (2000); *Byrd v. Collins*, 209 F.3d 486, 535 (6th Cir. 2000); *United States v. Francis*, 170 F.3d 546, 550 (6th Cir. 1999). Further, the improper comment on McKay's testimony was stricken by the trial court. Given these circumstances, Petitioner has failed to make a substantial showing of the denial of a constitutional right as to these issues. A certificate of appealability is not warranted on these claims.

Petitioner also asserts that he is entitled to habeas relief because the trial court submitted a general verdict form to the jury although the prosecution presented principal and aiding and abetting theories of guilt at trial and there was insufficient evidence to convict him as an aider and abettor. There is no federal constitutional right to a unanimous verdict in criminal cases, *see Apodaca v. Oregon*, 406 U.S. 404, 406 (1972), and the use of a general verdict form does not violate due process. *See Schad v. Arizona*, 501 U.S. 624 (1991); *see also Griffin v. United States*, 502 U.S. 46, 56 (1991). Petitioner has thus failed to make a substantial showing of the denial of a constitutional right as to this issue. A certificate of appealability is not warranted on this claim.

Lastly, Petitioner asserts that he is entitled to habeas relief because the trial court imposed a disproportionate sentence at the high end of the guideline range. To the extent that Petitioner asserts that his sentence is disproportionate under state law, he fails to state a claim for federal habeas relief. *See Austin v. Jackson*, 231 F.3d 298, 300 (6th Cir. 2000). Additionally, Petitioner is not entitled to relief on any claim that his sentence constitutes cruel and unusual punishment under the Eighth Amendment, particularly as his sentence was within the guideline range and the statutory maximum. *See Harmelin v. Michigan*, 501 U.S. 957, 965 (1991). He has thus failed to make a substantial showing of the denial of a constitutional right as to this issue. A certificate of appealability is not warranted on this claim.

For the reasons stated, the Court **DENIES** a certificate of appealability. Given this determination, the Court also **DENIES** leave to proceed on appeal *in forma pauperis*. See Fed. R. App. P. 24(a).

**IT IS SO ORDERED.**


s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

**Dated:  January 29, 2007**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on January 29, 2007, by electronic and/or ordinary mail.**

s/Catherine A. Pickles
**Judicial Secretary**